RENDERED:  JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-1245-MR

LINDA G. HOLT, JUDITH E.
PREWITT, AND CYNTHIA L.
ROEDER                                                         APPELLANTS


ON REMAND FROM KENTUCKY SUPREME COURT
(FILE NO. 2019-SC-0596-DG)


                    APPEAL FROM KENTON CIRCUIT COURT
v.         HONORABLE REBECCA LESLIE KNIGHT, JUDGE
                          ACTION NO. 16-CI-01429


THOMPSON HINE, LLP                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  This case is again before this Court upon remand from

the Kentucky Supreme Court for further consideration in light of its decision in

*Seiller Waterman, LLC v. RLB Properties, Ltd*., 610 S.W.3d 188 (Ky. 2020) (*Seiller*).

Initially, following oral argument, in our previous opinion we affirmed the Kenton Circuit Court's order granting the law firm of Thompson Hine, LLP's motion to dismiss the action filed against it by Linda G. Holt, Judith E. Prewitt, and Cynthia L. Roeder (the sisters). We continue to affirm on remand, albeit with different reasoning regarding the statute of limitations issue.

In 2013, the sisters sued some of their brothers in federal court over the alleged manipulation of their parents' estates, including claims for breaching fiduciary duties. That complaint was consolidated with an extant case brought by another sister. Eventually, after having dismissed or granted summary judgment to the brothers on many claims, the federal court ruled in favor of the sisters on the breach of fiduciary duty claims and ordered the brothers to pay the sisters roughly $548 million.[1] *Osborn v. Griffin*, No. CV 2011-89, 2016 WL 1092672, at *36 (E.D. Ky. Mar. 21, 2016) (unpublished). The Sixth Circuit affirmed. *Osborn v. Griffin*, 865 F.3d 417 (6th Cir. 2017).

While the brothers' appeal was pending before the Sixth Circuit, on August 29, 2016, the sisters filed this action against Thompson Hine for its alleged role in aiding and abetting the brothers' breaches of fiduciary duty. Doubtlessly

---

[1] This includes an amount to a fourth sister who is not a party in the present action.

anticipating Thompson Hine's arguing that the complaint was untimely, the sisters' complaint alleges that they did not learn they had possible claims against Thompson Hine until August 2013 during discovery in the federal litigation. At oral argument, the sisters' counsel stated they did not seek to add Thompson Hine as a defendant to the then ongoing federal litigation because they did not discover the claims until after the deadline for amending their federal pleadings.

In lieu of an answer, Thompson Hine filed a motion to dismiss pursuant to Kentucky Rules of Civil Procedure (CR) 12.02, arguing the complaint was not timely filed and otherwise failed to set forth a cognizable claim for relief. On July 6, 2017, roughly three months after conducting oral argument on the motion to dismiss, the circuit court judge's judicial assistant sent an *ex parte* email to only counsel for Thompson Hine, which stated that the judge had decided to grant the motion to dismiss and wanted counsel to resubmit a previously tendered proposed order. In response, counsel emailed the assistant the same terse proposed order it had previously submitted. On July 7, 2017, the judge's assistant again emailed only counsel for Thompson Hine. That email said the judge wanted counsel to submit a more detailed proposed order. Thompson Hine's counsel emailed a greatly expanded proposed order to only the judge's assistant on July 10, 2017. The sisters' counsel was not copied on any of the emails between the circuit court's staff and Thompson Hine's counsel.

On July 11, 2017, the sisters' counsel learned about the *ex parte* emails between the judge's staff and Thompson Hine's counsel at a hearing in federal court. That same date, the circuit court signed the order submitted by Thompson Hine without making any changes thereto. Three days later, counsel for Thompson Hine filed its expanded proposed order in the record.

Dismissal was granted on the basis that the sisters' claim was time-barred as legal malpractice claims are subject to a one-year statute of limitations under Kentucky Revised Statutes (KRS) 413.245 or, alternatively, the sisters' claims were untimely under the general five-year statute of limitation contained in KRS 413.120(6) because statutory tolling pursuant to KRS 413.190(2) did not apply to the nonresident law firm. Shortly after the circuit court denied the sisters' motions for the judge to recuse and to withdraw the order, they filed this appeal.

The sisters contend that the circuit court's decision contains a host of errors, but dispositive for this appeal are the resolution of two of their arguments, whether the judgment must be reversed because the circuit court erred in dismissing the complaint as untimely and conducting *ex parte* contacts. After remand, we permitted the parties to file supplemental briefs addressing the impact of *Seiller*.

"A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint . . . [s]o a court

should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and footnotes omitted). When ruling on a motion to dismiss, a court must liberally construe the pleadings in the light most favorable to the plaintiff and accept as true the allegations therein. *Id.* Since a motion to dismiss for failure to state a claim upon which relief may be granted presents "a pure question of law," we review the matter *de novo*. *Id.*

The professional malpractice statute of limitations provides in relevant part:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

KRS 413.245. Our Supreme Court has held that "KRS 413.245 is the *exclusive* statute of limitations governing claims of attorney malpractice." *Abel v. Austin*, 411 S.W.3d 728, 738 (Ky. 2013).

In *Seiller*, the Kentucky Supreme Court reviewed a decision of our Court regarding a nonclient suit against a law firm for allegedly wrongful acts undertaken on behalf of the firm's clients. *Seiller*, 610 S.W.3d at 191. Our Court

had ruled that the claims for illegal lien, slander of title, and civil conspiracy were not barred by the one-year statute of limitations contained in KRS 413.245 if malice was proven. *Seiller*, 610 S.W.3d at 192.

The Kentucky Supreme Court reversed this portion of the opinion. It disagreed with the Court of Appeals that when acts by attorneys "through the pretense of providing professional services" are committing an act "for some malicious purpose[,]" there is an exception to this statute of limitations. *Id.* at 202. It explained:

> The Court of Appeals' conclusion that KRS 413.245 is limited to claims free from malice cannot be discerned from the plain language expressed in the statute. The statute does not refer to malice or contain any language from which the presence or absence of malice might be inferred as relevant to the statute's applicability. Without language restricting the application of KRS 413.245 to claims not involving malice, the plain language of the statute directs that the one-year limitation applies to *any* claim against an attorney arising out of any act or omission in rendering or failing to render professional services . . . . Regardless of whether malice is alleged, claims arising from an act or omission in the rendering of, or failing to render, professional services are governed by KRS 413.245 and must be brought within one year.

*Id.* at 204. The Kentucky Supreme Court further concluded that KRS 413.245 applied to claims brought against attorneys by nonclients:

> By its plain, unambiguous language, KRS 413.245 applies to civil actions arising out of any act or omission in rendering or failing to render professional services.

> Nothing in the statute limits its application to only those claims brought by individuals or entities who engaged the professional to provide such services. KRS 413.245 thus applies to *any* civil action against an attorney arising out of any act or omission in rendering or failing to render professional services without regard to the identity of the claimant.

*Seiller*, 610 S.W.3d at 205.

The sisters attempt to distinguish *Seiller* on the basis that aiding and abetting criminal conduct is not a "professional service" and, therefore, the one-year statute of limitations for KRS 413.245 is not applicable. Given the expansive language used by the Kentucky Supreme Court, it is evident that the civil action which the sisters filed against the law firm is governed by KRS 413.245. The actions they complain of were undertaken while the law firm was providing professional services to the brothers. The fact that these professional services were undertaken for improper and illegal purposes does not exempt these services from KRS 413.245 any more than professional acts committed with malice would be. Therefore, pursuant to *Seiller*, this one-year statute of limitations applies.

While the sisters argue that tolling is appropriate, they did not file their action for three years after they claim it accrued through discovery in the federal case. Therefore, tolling cannot save their claims as the statute of limitations expired prior to them bringing suit.

The complaint's untimeliness moots all remaining issues except, arguably, the sisters' argument that the decision must be reversed due to the *ex parte* contacts between the circuit court's staff and counsel for Thompson Hine. We agree that the *ex parte* contact was improper, but do not agree that it invalidates the ruling here.

"A basic tenet of the legal profession is *ex parte* communication between a judge and an attorney in a pending case is disfavored." *Commonwealth v. Cambron*, 546 S.W.3d 556, 561 (Ky.App. 2018). Consequently, Supreme Court Rule (SCR) 4.300, Canon 2, Rule 2.9(A)(1) permits a judge to make *ex parte* contact with a party or its counsel only "for scheduling, administrative, or emergency purposes, which do[ ] not address substantive matters" provided that "(a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication; and (b) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond." Comment (1) to SCR 2.9 states in plain language that "[t]o the extent reasonably possible, all parties or their lawyers shall be included in all communications to or from a judge."

Because of the *ex parte* emails, Thompson Hine knew what the outcome of the case would be several days before the sisters, who were neither

informed of the *ex parte* contact nor given an opportunity to respond to it. A judge may ask counsel for draft findings on the record but may not contact only one side's counsel *ex parte* to inform it of an upcoming decision and to ask for findings to support that inchoate decision. Additionally, SCR 2.9(D) and SCR 2.12(A) make it plain that a judge may not direct its staff to engage in similar *ex parte* contact.

Because the circuit court indicated that it had already decided to grant the motion, the sisters have not shown that its decision was not the product of its own independent deliberations. Under these facts, the sisters have not demonstrated that the *ex parte* contacts materially impacted the outcome of the motion to dismiss. Therefore, though improper, the contacts here must be deemed harmless errors. However, we strongly discourage the circuit court from engaging in similar *ex parte* communications in the future.

For the foregoing reasons, the Kenton Circuit Court's order granting Thompson Hine's motion to dismiss is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kent Wicker
Louisville, Kentucky

Eva Christine Trout
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLANTS:

Kent Wicker
Louisville, Kentucky

BRIEFS FOR APPELLEE:

Todd V. McMurtry
Kyle M. Winslow
Fort Mitchell, Kentucky

Carolyn J. Fairless
Christopher P. Montille
Denver, Colorado

ORAL ARGUMENT FOR
APPELLEE:

Carolyn J. Fairless
Denver, Colorado